# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 8277 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| CITY OF CHICAGO, and CHICAGO POLICE OFFICERS DEREK DUSZAK, Star # 10658, and JAIME WEBER, Star # 19588, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 18, 2013, Plaintiff Marcus Harrington sued Defendants, Chicago Police Officers Derek Duszak and Jaime Weber, for violating his constitutional rights and maliciously prosecuting him in violation of state law. Ultimately, the case proceeded to a jury trial on claims of excessive force as to both officers and failure to intervene as against Officer Duszak. On April 15, 2016, the jury returned a verdict in favor of Officers Duszak and Weber.

Plaintiff now moves for post-trial discovery and a new trial based on alleged discovery misconduct by Defendants and evidentiary decisions of this Court that Plaintiff considers erroneous. For the reasons provided below, Plaintiff's motions for post-trial discovery [157] and a new trial [160] are denied.

## Background

Plaintiff identifies six problems that he believes, both independently and cumulatively, necessitate a new trial. The first problem pertains to Injury-on-Duty

Reports detailing injuries Officers Duszak and Weber suffered in the incident giving rise to this case. *See* Pls.' Am. Mem. Supp. Mot. New Trial 2–4. Plaintiff explains that, despite requesting these reports in discovery, they were not produced. *Id.* at 2–3. When their existence came to light at trial, the Court ordered Defendants to produce the reports and presented Plaintiff with various options to utilize them. *Id.* at 3–4. Plaintiff declined. *Id.* at 4. In Plaintiff's view, Defendants' delayed production violated the discovery rules and prejudiced his presentation at trial. Plaintiff seeks post-trial discovery to determine why the reports were not produced.

The second problem that Plaintiff identifies also involves Defendants' purported failure to satisfy their duty to disclose material in discovery. At issue in this instance, however, are Complaint Register files pertaining to Officer Duszak that Plaintiff believes were fairly requested but not produced. *Id.* at 4.

The final four problems Plaintiff identifies relate to evidentiary decisions the Court made at or before trial. These decisions were: (1) to permit evidence of the firearm that Plaintiff was carrying when the altercation at issue in this case occurred; (2) to permit evidence of Plaintiff's 2012 conviction for unlawful aggravated use of a firearm; (3) to order and permit Defendants to show a videotaped deposition of Lieutenant Roche, a witness for Defendants who could not attend the trial; and (4) to prohibit Plaintiff from suggesting in closing argument that Defendants' actions were motivated by Plaintiff's race. *Id.* at 4–6, 21. Plaintiff believes each of these decisions was erroneous and prejudicial.

## Legal Standard

Plaintiff has moved for a new trial on the basis of Federal Rules of Procedure 59(a), 60(b)(1), and 60(b)(3). Following a jury trial, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Reason to grant a new trial arises "if the verdict is against the clear weight of the evidence or the trial was unfair to the moving party." *David v. Caterpillar, Inc.*, 324 F.3d 851, 863 (7th Cir. 2003). The movant faces a heavy burden and must demonstrate that "'no rational jury' could have rendered the verdict." *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008) (quoting *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)).[1]

## Analysis

### I. Injury-on-Duty Reports

Plaintiff first argues that Defendants' failure to disclose the Injury-on Duty (IOD) Reports at issue violated Rules 26(e) and 26(g), and a new trial is therefore warranted. Under Rule 26(e), "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if

---

[1] Relief under Rule 60 is even more extraordinary. *Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Rules 60(b)(1) and (b)(3) permit the court to "relieve a party . . . from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect" or "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), 60(b)(3). Thus, while a new trial can be ordered under Rule 60, "'a party must show that she has a meritorious claim that she was prevented from 'fully and fairly presenting' at trial as a result of the adverse party's fraud, misrepresentation, or misconduct.'" *Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012) (quoting *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758–59 (7th Cir. 2010)). For the reasons stated below, the Court does not find a new trial is appropriate under Rule 59(a), and therefore concludes more extraordinary relief under Rule 60 is unwarranted as well.

the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties . . . ." Fed. R. Civ. P. 26(e). Additionally, under Rule 26(g), every discovery response must be signed by an attorney of record, thereby certifying—to the best of the attorney's "knowledge, information, and belief formed after reasonable inquiry"—that the response is rule-compliant. Fed. R. Civ. P. 26(g). Attorney misconduct in the discovery process, including violations of Rule 26, can warrant a new trial. *See Brandt v. Vulcan, Inc.*, 30 F.3d 752, 758 (7th Cir. 1994). A new trial is "dramatic relief," however, and is not warranted unless the movant demonstrates (1) attorney misconduct occurred and (2) prejudice resulted that necessitates a new trial. *Id.*

As a preliminary matter, the Court will assume for the purposes of deciding this motion that attorney misconduct occurred in violation of Rules 26(e) and 26(g). Defendants have conceded that the IOD Reports fell within the scope of Plaintiff's initial production requests, Defs.' Resp. Pl.'s Mot. New Trial 4, and gone as far as to admit, "There is no question the City should have produced the IOD Reports prior to trial." Defs.' Resp. Pl.'s Mot. Post-Trial Discov. 5. While some courts have held that a party cannot violate Rule 26(e) unless it actually learns of new information, *e.g.*, *Jones v. Walters*, No. 12-CV-5283, 2016 WL 1756908, at *9 (N.D. Ill. Apr. 29, 2016), the better view is that Rule 26 requires a party to disclose not only known information, but also information "he or she should have been aware of." 6 James Wm. Moore, et al., Moore's Federal Practice § 26.131[3] (3d ed. 2015); *see also*

4

8A Charles Alan Wright, et al., Federal Practice and Procedure § 2049.1 & n.4 (3d ed. 2010) (stating that "[a]lthough it is important to avoid traps for the unwary or innocently ignorant, courts look with disfavor on claims that counsel did not recognize that important new items of information should be disclosed," and collecting cases).

Defendants seem to accept this view, admitting that "with the benefit of hindsight, a better practice would have been [for Defendants] to re-check their production responses, shortly before trial, to see if the reports existed and had been produced." Defs.' Resp. Pl.'s Mot. New Trial 5. The Court agrees. Rule 26(e) does not permit Defendants to hide behind the efforts of past counsel, *id.* at 4, nor to pass blame to Plaintiff by demanding more than the rules of discovery require. *Id.* at 5–6; *see* Moore's Federal Practice, *supra*, at § 26.131[3] ("The duty to supplement does not depend on repeated requests by an adversary for updated information. The fact that a party's attorney does not know about the updated information is irrelevant; the duty exists nevertheless.").

But even assuming Defendants violated Rules 26(e) and 26(g) by failing to disclose the IOD Reports prior to trial, Plaintiff has failed to demonstrate resulting prejudice that warrants a new trial.[2] First, Plaintiff states he sought the reports in

---

[2]   Additionally, Plaintiff has failed to persuade the Court that sanctions are justified under Rule 37. *See* Pls.' Am. Mem. at 22. It is within the Court's discretion to deem a violation of Rule 26 harmless, considering (1) the extent of prejudice or surprise to Plaintiff; (2) the ability of Plaintiff to cure the prejudice; (3) the extent of disruption at trial; and (4) the presence (or lack thereof) of bad faith or willfulness in Defendants' not disclosing the reports at an earlier date. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). As elaborated in the discussion that follows, the Court finds Plaintiff was not prejudiced, and in any event, the Court gave Plaintiff sufficient opportunity to cure.

5

an effort to impeach Officers Duszak and Weber's testimony on injuries they claim they suffered in the incident giving rise to Plaintiff's suit. Pls.' Am. Mem. at 11. The officers' description of their injuries in the reports, Plaintiff explains, differs from their trial testimony and descriptions contained in other reports. *Id.* "The jury came back unable to decide the case initially," Plaintiff recalls, "and this additional impeachment *may have tipped the balance* against the Defendants." Pl.'s Reply Supp. Mot. New Trial 5 (emphasis added). This attempt to quantify the perceived prejudice, however, merely illustrates that Plaintiff has not carried his burden to show that no reasonable jury could have returned a verdict for Defendants. Under Rule 59, the jury's verdict can be set aside, but only if it is "contrary to the manifest weight of the evidence," that is, "only if no rational jury could have rendered the verdict." *Moore*, 546 F.3d at 427. Evidence, such as the IOD reports, that "may have tipped the balance" would hardly satisfy this onerous standard.[3]

Moreover, the Court gave Plaintiff sufficient opportunity to cure any prejudice by offering Plaintiff a chance to recall the officers and cross-examine them about the contents of the report. Trial Tr. 424:12–20, ECF No. 173. The Court also

---

[3] For this reason, Plaintiff's attempt to liken this case to *Colyer v. City of Chicago*, No. 12 C 04855, 2016 WL 25710 (N.D. Ill. Jan. 4, 2016), is unavailing. The undisclosed evidence in *Colyer*—a police tape said to directly influence the amount of force used by the defendant police officers—was central to the case and therefore controlling on any reasonable jury. *Id.* at **1, 16. Additionally, there was clear evidence that the defendants deliberately withheld the tape. *Id.* at 16–17. Neither factor is present in this case. Here, the IOD Reports were sought solely for the purpose of impeaching Defendants' testimony, not as substantive evidence of a central element in Plaintiff's claim. Additionally, there is no evidence—other than Plaintiff's speculation—that Defendants deliberately withheld the reports.

offered Plaintiff the option to return to the subject of the reports later in the trial and even offered to accommodate additional time for Plaintiff's counsel to strategize as to how best to use the reports. *Id.* at 424:12–20, 424:22–25, 425:1-12. The Seventh Circuit has recognized the value of similar opportunities in curing any prejudice resulting from such disclosure violations. *See Gicla v. United States*, 572 F.3d 407, 412 (7th Cir. 2009). Plaintiff, however, elected not to pursue any of these avenues of redress. Instead, Plaintiff maintains that, on such short notice, it was not possible to properly evaluate the risk and reward of using the reports, nor to make use of the reports in an effective manner. Pls.' Am. Mem. at 11–12. The Court took these concerns into account, however, in offering Plaintiff various options to cross-examine Defendants using the reports. Plaintiff elected not to pursue any of these options and, having done so, cannot complain now that he was prejudiced to such a degree as to necessitate a new trial.

## II. Complaint Register Files

Plaintiff also asserts that Defendants failed to disclose additional Complaint Register files (CRs) for Officer Duszak in further violation of Rule 26, and that this violation likewise warrants a new trial. *Id.* at 12–13. The Court finds this argument unpersuasive.

The basis for Plaintiff's assertion is a report from a third-party website that indicates more CRs for Officer Duszak than what was produced. But, the website itself cautions that "[n]o independent verification" of the data was performed and expressly states that "this public database does not purport to be an accurate reflection of either the City's internal database or of its truthfulness." Defs.' Resp.

Pl.'s Mot. New Trial 11 & Ex. A. Furthermore, even assuming that Plaintiff's assertion that Defendants did not properly supplement their disclosure of Officer Duszak's CRs is correct, Plaintiff fails to show that he was prejudiced. Defendants moved in limine—without any objection from Plaintiff—to exclude any evidence of the officers' disciplinary records, including CRs. Defs.' Mot. in Limine No. 6, ECF No. 49. The Court granted this motion without objection. Order Mots. in Limine, ECF No. 115. Thus, the CRs, even if they had existed and were knowingly not produced, would have been inadmissible. Accordingly, Plaintiff's request for a new trial based on his assertion that Defendants failed to produce CRs is denied.

### III. Evidentiary Rulings

Finally, Plaintiff argues that a new trial is necessary based on four perceived errors in evidentiary rulings the Court made at or before trial. To prove he is entitled to a new trial, Plaintiff must not only establish that the Court erred, but that the error(s) "[had] a substantial and injurious effect or influence on the determination of a jury and the result is inconsistent with substantial justice." *Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 440 (7th Cir. 2009); *see also* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial . . . . [T]he court must disregard all errors and defects that do not affect any party's substantial rights.").

#### A. Evidence of Plaintiff's Firearm

First, Plaintiff argues that the Court erred in permitting Defendants to produce evidence of a firearm recovered from Plaintiff during the incident at issue.

8

In denying Plaintiff's motion in limine to exclude this evidence, the Court explained that evidence of the firearm was admissible in relation to Defendants' asserted belief that Plaintiff possessed a gun at the time Defendants exercised the force at issue in this case. Hr'g Tr. of Apr. 8, 2016, 70:5–13, ECF No. 154. The Court explained that, if Plaintiff believed that Defendants were lying, his counsel could cross-examine the officers at trial and argue to the jury that Defendants' assertions were not credible or that, even if they were, Defendants' use of force was unreasonable notwithstanding Plaintiff's possession of a gun. *Id.* at 70:15–22.

Now, Plaintiff argues that permitting evidence of the firearm misled the jury into drawing the "unreasonable conclusion" that Defendants believed Plaintiff had a weapon and obscured contrary testimony by Defendants in pretrial proceedings that "the firearm played no role in the kind or quantity of force used." Pls.' Am. Mem. at 17. But whether Defendants believed Plaintiff had a gun when they used force to subdue him was a quintessential question of fact for the jury to decide, and Plaintiff had ample opportunity to cross-examine the officers and argue his case at trial. The Court's decision to admit evidence of the firearm was not erroneous.

### B. Evidence of Plaintiff's Conviction

Second, Plaintiff claims that the Court erred in permitting evidence of Plaintiff's 2012 conviction for unlawful aggravated use of a weapon. Like the firearm, Plaintiff moved in limine to exclude evidence of the conviction. The Court denied the motion and admitted evidence of the conviction pursuant to Federal Rule of Evidence 609(a)(1)(A), concluding that the conviction was relevant to the central

9

issue of Plaintiff's credibility and that its probative value was not substantially outweighed by its prejudicial effect. Order Mot. Clarify or Reconsider 2, ECF No. 129. Notwithstanding this ruling, Plaintiff argues that the conviction does not bear on credibility and was used prejudicially at trial. Pl.'s Am. Mem. at 17–18. This is incorrect.

First, Federal Rule of Evidence 609 provides that a felony conviction "must be admitted, subject to Rule 403, in a civil case," and the fact of a felony conviction can be used to attack a witness's character for truthfulness. Furthermore, because the outcome of the case hinged in large part on the credibility of the Defendants versus the credibility of Plaintiff, the probative value of the felony conviction was high and not substantially outweighed by its prejudicial effect.

Additionally, the Court blunted the prejudice to Plaintiff by prohibiting Defendants from pointing out to the jury that the conviction arose out of the very incident in question. Moreover, when the Court proposed to the parties that it would instruct the jury to consider the conviction for the limited purpose of assessing Plaintiff's credibility, Plaintiff's counsel requested the Court not do so, because Plaintiff thought he "did a pretty good job blunting the effect of the conviction on his credibility" and "trust[ed] defense counsel [to] limit their arguments appropriately in closings." Trial Tr. 547:8–14, ECF No. 173. The Court elected to give the instruction anyway in an effort to shield Plaintiff from the prejudice of which he now protests. *Id.* at 547:25–548:1–5. Neither this decision, nor the decision to permit evidence of the conviction, was erroneous.

C.     **Testimony of Lieutenant Roche**

Third, Plaintiff argues the Court erred in forcing the parties to present the trial testimony of Defendants' supervisor, Lieutenant Roche, by video deposition, rather than compelling her to testify live at trial. Roche was the watch commander for Officers Duszak and Weber on the night of the incident. Defs.' Resp. Pl.'s Mot. New Trial 16. She was not at the scene, but reviewed the reports submitted by the officers, approved the reports, and approved the existence of probable cause for Plaintiff's arrest. *See id.* Roche also gathered information about the incident and provided a preliminary opinion that the use of force appeared to comply with Department policies. Defs.' Resp. Mot. Compel 2, ECF No. 132

On April 4, 2016, seven days before the trial, Defendants' counsel was informed by Roche that she had made plans to travel to Arizona to accompany her eighty-seven-year-old mother back to Chicago. *Id.* at 4. Defendants' counsel immediately informed Plaintiff's counsel and offered a number of alternatives, including offering to pay for a videotaped deposition of Roche or making arrangements to have Roche testify via live transmission. *Id.* at 3. Plaintiff filed an emergency motion that day to compel Roche's attendance at the trial.

The Court conducted a hearing on the motion on April 6, 2016. At that time, Plaintiff's counsel argued, as he does now, that Roche's personal attendance at the trial was necessary because, depending on what the Officers Duszak and Weber stated during their testimony, Roche would be needed to contradict them. Pl.'s Am. Mem. at 19. According to Plaintiff's counsel, he would not know what to ask Roche

until he learned what Defendants would say at trial. The Court, however, took appropriate action to mitigate this concern. The Court already had ordered Defendants' counsel to present Officers Duszak and Weber for voir dire on Friday, April 8, to provide Plaintiff's counsel an opportunity to question them about the incident for another motion, and the Court noted that Plaintiff's counsel would be able to obtain their testimony at that time before deposing Roche on Saturday, April 9.

Here, Plaintiff points to Federal Rule of Procedure 43, which states, "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, *these rules*, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a) (emphasis added). But, in relying on Rule 43(a), Plaintiff ignores Rule 43's reference to other rules of procedure, including Rule 32, which permits the use of depositions at trial, subject to certain conditions. *See* Fed. R. Civ. P. 32(a); *see also Ueland v. United States*, 291 F.3d 993, 996 (7th Cir. 2002) (explaining that Rule 32(a) is "a freestanding exception to the hearsay rule" and that "use of depositions as substantive evidence is normal in federal practice."). And, indeed, the 1996 Advisory Committee notes for Rule 43 provide, "Ordinarily depositions, including video depositions, provide a superior means . . . of resolving difficulties in scheduling a trial that can be attended by all witnesses." Fed. R. Civ. P. 43, Advisory Committee Notes (1996 Am.).

Here, the requirements of Rule 32 were satisfied. There is no dispute that Plaintiff was represented at Lieutenant Roche's deposition and that, had she been

12

present at trial, Lieutenant Roche's testimony would have been admissible. Fed. R. Civ. P. 32(a)(1). Furthermore, at the time her testimony was needed, Lieutenant Roche would have been over 100 miles away from the place of the trial, and her absence was not procured by Defendants. Defs.' Resp. Mot. Compel 2; *see* Fed. R. Civ. P. 32(a)(4)(B).

What is more, when Plaintiff's counsel conducted Roche's deposition on April 9, he knew precisely what Officers Duszak and Weber would say at trial based upon his examination of them just the day before. Finally, Plaintiff was able to present that video deposition of Roche to the jury at trial without objection. For these reasons, it was not error to admit Lieutenant Roche's videotaped deposition, and Plaintiff did not suffer prejudice from the Court's ruling.

### D. Argument Based on Race

Finally, Plaintiff contends that the Court erred in prohibiting Plaintiff's attempt during closing argument to assert that Defendants' actions were motivated by Plaintiff's race. The Court sustained Plaintiffs' objection to this argument on the basis that no race-based allegations were ever made throughout the case or at trial, and that permitting such an argument would be "highly inflammatory and prejudicial." Trial Tr. 565:23–566:5, ECF No. 174. In fact, there was no evidence presented at trial from which a reasonable jury could infer that the officers' actions were racially motivated in any way. Plaintiff concedes this, but nevertheless argues that the jury visually observed the parties' race, and thus the parties' race was automatically at issue, given that the jury was told to "use common sense and

consider the evidence in light of their own observations in life." Pl.'s Reply at 10–11. In short, Plaintiff's argument is that the mere fact that he is African-American and Defendants are not is sufficient such that he should have been permitted to argue to the jury that Defendants' actions were motivated by racial animus. This argument, however, fails to account for the Court's clear instruction that the jury "decide the facts from the evidence" and "not be influenced by any person's race." Trial Tr. 617:21, 618:4, ECF No. 174. In other words, the jury was specifically told to only consider the evidence in the case—which, as Plaintiff concedes, included no evidence offered on race—and not rely on a party's race. Thus, the Court did not err in prohibiting Plaintiff's argument based on race and appropriately instructed the jury to disregard race in its deliberations.

## Conclusion

For the reasons stated herein, Plaintiff's motions for post-trial discovery [157] and a new trial [160] are denied.

**IT IS SO ORDERED.**  ENTERED   11/14/16

*/s/ John Z. Lee*

_____

**John Z. Lee**
**United States District Judge**