IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS HARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 13 C 8277 |
| v. ) | |
| ) | Judge John Z. Lee |
| CITY OF CHICAGO, and CHICAGO ) | |
| POLICE OFFICERS DEREK DUSZAK, ) | |
| Star # 10658, and JAIME WEBER, Star ) | |
| # 19588, ) | |
| ) | |
| Defendants. ) | |

## ORDER

In 2013, Plaintiff Marcus Harrington sued Defendants, Chicago Police Officers Derek Duszak and Jaime Weber, for violating his constitutional rights and maliciously prosecuting him in violation of state law. Ultimately, the case proceeded to a jury trial on claims of excessive force as to both officers and failure to intervene as to Officer Duszak. In 2016, the jury returned a verdict in favor of Defendants. Plaintiff subsequently moved for post-trial discovery and a new trial. The Court denied both motions. Plaintiff now seeks sanctions against Defendants and their counsel pursuant to Federal Rules of Civil Procedure 11, 26(g), and 37, as well as 28 U.S.C. § 1927 and the Court's inherent authority. For the reasons discussed herein, the motions [190] [191] are denied. As such, Plaintiff's motion pursuant to Federal Rule of Appellate Procedure 12.1 [192] is also denied.

## **Background**

Plaintiff's motions for sanctions primarily concern representations made by Defendants in response to Plaintiff's motion for a new trial. In that motion, Plaintiff contended that Defendants had failed to disclose nine citizen complaints of misconduct by Officer Duszak, thereby violating their discovery obligations. To support this argument, Plaintiff provided to the Court a document from a third-party website, indicating that 16 complaints had been previously filed against Officer Duszak. During discovery, Defendants had disclosed only seven complaints.

In response to Plaintiff's motion, Defendants stated that it was "not clear that Defendant Duszak had more [complaints] than what was listed on the previous[ly] produced [complaint] history" because Plaintiff's supporting documentation was not "created by the City nor exchanged by either party during discovery." Defs.' Resp. Opp. Pl.'s Mot. New Trial at 11, ECF No. 176. Furthermore, Defendants pointed out, the third-party website from which Plaintiff had obtained the information contained a disclaimer stating: "No independent verification of the City's records has taken place and this public database does not purport to be an accurate reflection of either the City's internal database or of its truthfulness." *Id.* Defendants also contended that officers "are not notified of [complaints] when there is no sworn affidavit from the complainant . . . nor if the [complaint] is designated confidential." *Id.* The Court, in denying Plaintiff's motion for a new trial, pointed to the website's disclaimer, and found that, in any event, Plaintiff had failed to show prejudice from the alleged nondisclosure.

After Plaintiff's motion for a new trial was denied, he filed record requests with the Chicago Police Department ("CPD") pursuant to the Freedom of Information Act ("FOIA"). CPD responded with records of complaints filed against Officer Duszak, including multiple complaints that had not been produced during discovery. Having verified that these records exist, Plaintiff now seeks sanctions pursuant to Rules 11, 26, and 37, 28 U.S.C. § 1927, and the Court's inherent authority.

## Legal Standards

**I.     Rule 11**

Rule 11 states that, "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). In determining if sanctions for violating Rule 11 are warranted, "[t]he court must 'undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless.'" *Cuna Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quoting *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993)). The decision to impose sanctions under Rule 11 is entrusted to the discretion of the district court, which is best situated to know whether an attorney conducted a proper inquiry into the facts underlying a case. *Cuna*, 443 F.3d at 560.

3

...

## II. Rule 26(g)

Rule 26(g) requires sanctions "where a party knowingly certifies inaccurate or incomplete discovery responses without substantial justification." *Penn. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 188 F. Supp. 3d 776, 789 (N.D. Ill. 2016). Rule 26(g) sanctions are not appropriate where the attorney made a reasonable inquiry and reasonably relied on information provided. *See* Fed. R. Civ. P. 26 advisory committee notes (1983) ("In making the inquiry, the attorney may rely on assertions by the client . . . as long as that reliance is appropriate under the circumstances.").

## III. Rule 37

Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1). Moreover, Rule 37(c)(1) allows a court to impose other sanctions "[i]n addition to or instead of this sanction." Fed. R. Civ. P. 37(c)(1); *see also Malik v. Falcon Holdings, LLC*, 675 F.3d 646, 649–50 (7th Cir. 2012). "Whether a failure to comply with Rule 26(e) . . . is substantially justified, harmless, or warrants sanctions is left to the broad discretion of the district court." *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011).

## IV. 28 U.S.C. § 1927

Under § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

4

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions may be awarded "if the attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice . . . or where a claim [is] without plausible legal or factual basis and lacking in justification." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (internal quotation marks omitted). Whether to grant sanctions under § 1927 is entrusted to the district court's discretion. *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988).

## Analysis

### I. Plaintiff's Motion for Discovery Sanctions

Plaintiff requests sanctions pursuant to Rules 26(g) and 37, 28 U.S.C. § 1927, and the Court's inherent authority, based on the nondisclosure of certain complaints of misconduct by Officer Duszak. Plaintiff requests that the Court vacate the jury's verdict, award a new trial, or award a directed verdict in his favor. Defendants argue that Plaintiff cannot show that they acted in bad faith or that he was prejudiced by the nondisclosure.

#### A. Rule 26(g)

Plaintiff first argues that Defendants violated Rule 26(g)(1) by knowingly "certifying the production of a complete complaint history . . . that omitted critical portions, such as evidence of racial animus." Pl.'s Mot. Discovery Sanctions at 4, ECF No. 191. If a violation of Rule 26(g) has occurred, sanctions are mandatory. *See Rojas*

5

*v. Town of Cicero*, 775 F.3d 906, 909 (7th Cir. 2015). In response, Defendants contend that Plaintiff has failed to show evidence of bad faith.

Plaintiff's argument centers on nine files that were not produced to him during discovery bearing the numbers 1056318, 1060491, 1060983, 1062551, 1068131, 1073013, 1076265, 1075620, and 1058821. Pl.'s Mot. Discovery Sanctions, Ex. 5 ("Full Complaint History"), ECF No. 191-5.

First, as to file 1058821, the complaint history that was previously disclosed to Plaintiff *did* include that file number. Pl.'s Mot. Discovery Sanctions, Ex. 4 ("Disclosed Complaint History"), ECF No. 191-4. Plaintiff contends that the file that was produced was "incomplete," yet he has provided no support for that allegation.[1] Thus, there is no evidence that Defendants violated Rule 26(g) with respect to file 1058821.

As to files 1068131, 1073013, 1076265, and 1075620, those complaints were filed after Plaintiff's discovery request was issued in February 2014. Thus, Defendants contend, they were not responsive to the request, which sought "all complaints . . . lodged against any of the individual defendant[s] *in the past five years*[.]" Pl.'s Mot. Discovery Sanctions, Ex. 2, at 5, ECF No. 191-2 (emphasis added). Files 1068131, 1073013, 1076265, and 1075620 concern incidents that occurred

---

[1] The complaint history does appear to be missing certain information for file 1058821, such as the date of completion and final finding, but that information is also missing for other files that Plaintiff does not characterize as "incomplete." *See* Disclosed Complaint History.

6

outside this period.[2] Thus, they were outside the scope of the request, and no Rule 26(e) violation occurred.

This leaves files 1056318, 1060491, 1060983, and 1062551. Plaintiff sought "any form of citizen's complaint" against any of the Defendants. Pl.'s Mot. Discovery Sanctions, Ex. 1, at 5, ECF No. 191-1. Defendants objected to the request as overly broad and not likely to lead to the discovery of admissible evidence, but nonetheless agreed to produce a "Five-Year Complaint Register Histor[y]" for each Defendant. *Id*. The four files at issue are not complaint register ("CR") files, but rather, are classified as "Info" files, and therefore "do not appear on an Officer's Five Year Complaint Register History." Defs.' Resp. Mot. Discovery Sanctions at 6–7, ECF No. 196. Indeed, the documents provided show that each of these four files was designated as "Info," rather than "CR." *See* Pl.'s Mot. Discovery Sanctions, Ex. 6, ECF No. 191-6.

Plaintiff now takes issue with Defendants' objections to the request; however, as Defendants point out, Plaintiff had the opportunity to meet and confer with Defendants about these concerns during discovery, and if his concerns were not assuaged by such a meeting, he could have then filed a motion to compel. Plaintiff did not take either action.

In short, Plaintiff has failed to show that there is any basis for imposing sanctions under Rule 26(g). Rather, the record reflects a discovery dispute that Plaintiff failed to raise until years after discovery had closed. Contrary to Plaintiff's

---

[2] Specifically, file 1068131 concerns an incident that occurred in March 2014; file 1073013 concerns an event that occurred in December 2014; file 1075620 concerns an event that occurred in June 2015; and file 1076265 concerns an event that occurred in July 2015. *See* Full Complaint History.

7

representations, Defendants did not purport to produce a "complete" history of all complaints filed against Officer Duszak only to then produce an *incomplete* history; rather, they stated their objections to the request and agreed to produce a specific report of *CR* files from the five years preceding the request, subject to those objections. Plaintiff had an opportunity to challenge Defendants' objections, but he chose not to do so. Given these facts, the record does not substantiate Plaintiff's claim that Defendants knowingly certified inaccurate or incomplete discovery responses in violation of Rule 26(g).

**B. Rule 37**

Plaintiff further argues that Defendants should be sanctioned under Rule 37 because they violated Rule 26(e). Rule 26(e) requires a party who has previously responded to an interrogatory to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Failure to supplement is excused only if it was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff contends that Defendants "had an unquestionable obligation to supplement their initial disclosure of complaints with investigations that closed prior to trial and disclosure of new investigations that opened." Pl.'s Mot. Discovery Sanctions at 5. In response, Defendants contend that the duty to supplement was

8

not triggered by the wording of Plaintiff's discovery request. And, they argue, even if there was a failure to supplement, it was harmless.

First, Plaintiff's request, made on February 20, 2014, sought all complaints lodged "in the last five years." Pl.'s Mot. Discovery Sanctions, Ex. 1, at 5. Defendants understood that request to mean all complaints *going back* five years from the date of the request, covering the period between February 20, 2009 and February 20, 2014. This interpretation is supported by the plain language of the request. If Plaintiff also wanted Defendants to produce complaints lodged *after* February 20, 2014, he could have phrased his request in a way that triggered such an obligation. He did not do so, and Defendants' reasonable interpretation of his discovery request does not constitute a violation of Rule 26(e).

In any event, even if Defendants *did* have a duty to supplement with additional complaints lodged after February 20, 2014, the Court finds that sanctions under Rule 37 are not warranted because any failure to supplement was harmless. In determining whether noncompliance with Rule 26(e) is harmless, a court should consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Here, the Court finds that any noncompliance was harmless, because the nondisclosure of the additional complaints resulted in no prejudice to Plaintiff. As the Court previously recognized in denying Plaintiff's motion for a new trial, Plaintiff

did not object to Defendants' motion *in limine* to exclude evidence of their disciplinary records. "Thus, the [complaints], even if they had existed and were knowingly not produced, would have been inadmissible." Mem. Op. & Order at 8, ECF No. 183. Plaintiff now argues that he could have used the additional complaints to support his argument that Officer Duszak harbored racial animus, which he was "denied permission" to make at trial, "in part based on the lack of evidence to support it." Pl.'s Mot. Discovery Sanctions at 6. This argument, however, is unpersuasive.

Of the complaints at issue, none was sustained against Officer Duszak. Unfounded or unsustained allegations in complaints previously filed against a police officer are routinely found to be inadmissible, because they have limited probative value. *See, e.g., Cazares v. Frugoli*, No. 13 CV 5626, 2017 WL 4150719, at *10 (N.D. Ill. Sept. 19, 2017) (noting that "when a party attempts to show that the charged conduct demonstrates conformity with prior bad acts . . . the fact that an allegation is not sustained lessens its probative value"); *Holmes v. City of Chi.*, No. 09-CV-2481, 2016 WL 6442117, at *13–14 (N.D. Ill. Nov. 1, 2016) (barring reference to unsustained complaints because, "since the allegations of misconduct were not sustained, they have little probative value"). What is more, the probative value of the complaints at issue here is further diminished by the fact that they concern events that occurred well after the underlying incident at issue in this case. Furthermore, there is a high likelihood that admission of unsubstantiated claims in complaints would only confuse or mislead a jury into believing that they have some validity, resulting in significant prejudice to the respondents. Thus, even if the additional complaints had been

10

produced, and even if Plaintiff had objected to the motion *in limine* to exclude them, the Court would not have allowed them to be introduced at trial.

In addition, as Plaintiff acknowledges, he attempted to raise the issue of racial animus during his closing argument, and the Court concluded that such argument lacked any factual support and was highly inflammatory and prejudicial. The Court is not persuaded that a different result would have occurred had Plaintiff had the additional complaints because, as discussed above, they would not have been admissible at trial.

### C. 28 U.S.C. § 1927 and the Court's Inherent Authority

Because the Court has concluded that Defendants' actions do not warrant sanctions under Rules 26(g) or 37, the Court likewise finds no basis to impose sanctions under § 1927 or the Court's inherent authority.

## II. Plaintiff's Motion for Sanctions Pursuant to Rule 11

In addition to seeking discovery sanctions, Plaintiff contends that Defendants should be sanctioned under Rule 11 because they made representations in their brief in response to Plaintiff's motion for a new trial that were not "formed after an inquiry reasonable under the circumstances," or were intentional falsehoods. Pl.'s Mot. R. 11 Sanctions at 5, ECF No. 190 (quoting Fed. R. Civ. P. Rule 11). Defendants argue that the motion is untimely and meritless.

### A. Timeliness of Plaintiff's Rule 11 Motion

Defendants first argue that Plaintiff's motion is untimely, because it should have been brought within 90 days of the entry of judgment on April 15, 2016.

11

Defendants also note that Plaintiff's post-trial motion was denied on November 14, 2016, yet he waited until February 22, 2017 to serve his Rule 11 motion.

Plaintiff objects to Defendants' characterization of the timeframe for bringing a Rule 11 motion, noting that their argument suggests that he "should have brought his motion . . . sometime in July 2016, prior to the discovery of the violation." Pl.'s Reply Supp. Mot. R. 11 Sanctions at 1, ECF No. 199. In Plaintiff's view, the motion is timely because it was brought within a reasonable time after he received the responses to his FOIA requests.

Defendants are correct that the Seventh Circuit has held that "90 days from the date of entry of final judgment represents the outer parameters of the timeliness for sanctions claims." *Sullivan v. Hunt*, 350 F.3d 664, 666 (7th Cir. 2003) (internal quotation marks omitted). That said, it is also well-established that a Rule 11 motion should be filed "as soon as practicable after discovery of a Rule 11 violation." *Id.* (quoting *Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992)). Here, the conduct for which Plaintiff seeks sanctions occurred post-judgment; this Court issued its ruling on Plaintiff's motion for a new trial eight months after judgment had been entered, and Plaintiff did not receive FOIA responses confirming the records' existence until January 2017.

Approximately one month after receiving those records, in February 2017, Plaintiff served a copy of his motion on Defendants. Plaintiff received a draft response from Defendants in March 2017, which he reviewed before ultimately filing the motion on April 26, 2017. Although Plaintiff may not have acted with the utmost

12

diligence, given the circumstances, the Court finds that Plaintiff's Rule 11 motion was timely filed.

### B. Merits of Plaintiff's Rule 11 Motion

Plaintiff contends that Defendants "advocated a position at odds with information under their control and readily available to [them]" when they stated in their response to the motion for a new trial that it was "not clear" that Officer Duszak had received more complaints than had been previously disclosed. Pl.'s Mot. Rule 11 Sanctions at 6. Defendants disagree, arguing that Plaintiff has failed to identify any misrepresentations made in their response brief, which stated only that—based on the documentation Plaintiff had provided—he had failed to prove that a discovery violation had occurred.

The Court finds that Defendants' statements in their response brief to Plaintiff's motion for a new trial do not warrant sanctions. Plaintiff's contention that Defendants made false representations and misled the Court is not borne out by the record in this case. The motion for a new trial relied on information obtained from a third-party website. Defendants asserted that the information on the website was not an appropriate basis for granting a new trial, because the website was not within Defendants' control and contained a disclaimer as to the accuracy of its contents. The Court agreed with Defendants. Although Plaintiff now provides information showing that Officer Duszak did, in fact, have additional complaints filed against him that were not disclosed in discovery, this does not compel a conclusion that Defendants intentionally misrepresented their position or failed to perform a reasonable inquiry.

13

In support of his argument, Plaintiff relies on *Gonzalez v. Dominick*, No. 06 C 3961, 2009 WL 4730964 (N.D. Ill. Dec. 8, 2009) and *Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 1:11-cv-01108-SEB-TAB, 2015 WL 4878644 (S.D. Ind. May 22, 2015). Both cases are distinguishable. In *Gonzalez*, the plaintiff misrepresented to the court that he had no ownership interest in certain property, when in fact, records in his possession (and produced by his attorneys) clearly indicated that he did have such an interest. 2009 WL 4730964, at *1–2. And in *Heckler*, the plaintiffs committed certain discovery violations and used those faulty discovery positions to support their motion for summary judgment. 2015 WL 4878644, at *9–10. Here, by contrast, Defendants' response brief merely cast doubt on the accuracy of Plaintiff's third-party information from a website not within their control.

Plaintiff also relies on *Colyer v. City of Chicago*, No. 12 C 04855, 2016 WL 25710 (N.D. Ill. Jan. 4, 2016) and *Fuery v. City of Chicago*, No. 07 C 5428, 2016 WL 5719442 (N.D. Ill. Sept. 29, 2016), to argue that the Court should direct a verdict in his favor. But *Colyer* and *Fuery* involved far more egregious misconduct than what Plaintiff argues occurred here. In *Colyer*, there was evidence that the defendants' counsel intentionally withheld evidence from the plaintiff, despite knowing that it was central to the plaintiff's case. 2016 WL 25710, at *16–17. And in *Fuery*, the plaintiffs' counsel "engaged in repeated misconduct throughout the trial," and the plaintiffs "actively participated in the misconduct," including repeated intentional violations of the court's prior rulings on the parties' motions *in limine*. 2016 WL 5719442, at *1–2, *5. Here, by contrast, there is no evidence of a pattern of

14

misconduct or intentional withholding of evidence critical to Plaintiff's case. Rather, in their response to Plaintiff's motion for a new trial, Defendants merely noted that the information he had obtained from a third-party website was unverified and did not prove that additional complaint files had been withheld. Furthermore, Defendants argued, and the Court agreed, that the production of additional complaints would not have led to a different outcome at trial, because they would have been inadmissible.

Ultimately, Plaintiff has produced no evidence that Defendants made intentionally false statements, or failed to make a reasonable inquiry, when they questioned the accuracy of the information he obtained from an external website. Although the information Plaintiff obtained ultimately proved to be accurate, there is no indication that Defendants knew that when they filed their response brief. Rather, it appears that the statements in Defendants' response brief were based on the facts as reasonably known to them at the time. As such, the Court finds that Rule 11 sanctions are unwarranted.

### III. Plaintiff's Federal Rule of Appellate Procedure 12.1 Motion

Together with his motions for sanctions, Plaintiff also filed a motion pursuant to Federal Rule of Appellate Procedure 12.1.[3] Rule 12.1 provides that where "a timely motion is made in the district court for relief that it lacks authority to grant because

---

[3] Plaintiff's appeal of this Court's denial of his motion for a new trial is currently pending in the Seventh Circuit, which divested this Court of jurisdiction over matters relating to the appeal. The Court retains jurisdiction over the sanctions motions, however, because they address issues collateral to the appeal. *See, e.g., Smart Options, LLC v. Jump Rope, Inc.*, No. 12 C 2498, 2013 WL 500861, at *3 (N.D. Ill. Feb. 11, 2013) ("Filing a notice of appeal . . . does not divest a district court of jurisdiction over a Rule 11 motion for sanctions.").

of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue." Fed. R. App. P. 12.1(a). Because the Court denies Plaintiff's motions for sanctions, his Rule 12.1 motion is also denied.

## Conclusion

For the reasons stated herein, Plaintiff's motions for sanctions are denied, and his motion pursuant to Federal Rule of Appellate Procedure 12.1 is also denied.

**IT IS SO ORDERED.**          **ENTERED  6/20/19**

*[signature: John Z. Lee]*

_____

**John Z. Lee**
**United States District Judge**